```
                          UNITED STATES DISTRICT COURT                Priority    ____
 JS-6                      CENTRAL DISTRICT OF CALIFORNIA              Send       ____
                                                                       Enter      ____
                             CIVIL MINUTES - GENERAL                   Closed     ____
                                                                       JS-5/JS-6  ____
                                                                       Scan Only  ____
```

cc:order, docket, remand letter to
Los Angeles Superior Court, No. BC 480377

**CASE NO.:** <u>CV 12-05814 SJO (JCGx)</u>              **DATE:** <u>July 27, 2012</u>

**TITLE:**     <u>Reyna Marie Ybarra v. Apartment Investment and Management Company, et al.</u>

========================================================================
**PRESENT:  THE HONORABLE S. JAMES OTERO, UNITED STATES DISTRICT JUDGE**

Victor Paul Cruz                               Not Present
Courtroom Clerk                                Court Reporter

**COUNSEL PRESENT FOR PLAINTIFF:**             **COUNSEL PRESENT FOR DEFENDANT:**

Not Present                                    Not Present

========================================================================
**PROCEEDINGS (in chambers): ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT**

This matter comes before the Court on Defendant Apartment Investment and Management Company's ("Defendant") Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 ("Notice"), filed on July 5, 2012.

Plaintiff Reyna Marie Ybarra ("Plaintiff") filed this class action in Los Angeles Superior Court on March 8, 2012. (Notice ¶ 1, July 5, 2012, ECF No. 1.) On April 12, 2012, Defendant removed the case to federal court on diversity jurisdiction grounds. (Notice ¶¶ 4-5.)  When first removed, the case was before Judge Percy Anderson, and the case number was CV 12-03222. (*See* Decl. of Julie R. Trotter in Supp. of Notice ("Trotter Decl.") Ex. 4 ("Remand Order"), at 1.) Judge Anderson remanded the case to state court on April 27, 2012, finding that Defendant had failed to establish diversity of citizenship in its notice of removal. (Notice ¶ 5.)

The action resumed in state court.  Upon Plaintiff's refusal to stipulate as to her citizenship, Defendant served discovery requests focused on ascertaining Plaintiff's citizenship. (Notice ¶¶ 6-7.)  In response, Plaintiff admitted that she is not a citizen of either Maryland or Colorado, Defendant's two states of citizenship. (Notice ¶ 8.)  Defendant then removed the case for a second time, offering the discovery responses as evidence to support its re-removal. (*See generally* Notice.)

Defendant may not re-remove this action citing the same jurisdictional grounds it cited for its first removal.  Once a case removed pursuant to § 1441 has been remanded to state court, the decision to remand "is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). Moreover, upon remand, the "district court . . . is divested of jurisdiction and can take no further action on the case." *Seedman v. U.S. Dist. Court*, 837 F.2d 413, 414 (9th Cir. 1998). However, "[a] defendant who fails in an attempt to remove on the initial pleadings can file a removal petition when subsequent pleadings or events reveal a *new* and *different* ground for removal.'" *Kirkbride v.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

JS-6

**CIVIL MINUTES - GENERAL**

| | |
|---|---|
| **CASE NO.:** <u>CV 12-05814 SJO (JCGx)</u> | **DATE:** <u>July 27, 2012</u> |

*Cont'l Cas. Co.*, 933 F.2d 729, 732 (9th Cir. 1991) (quoting *FDIC v. Santiago Plaza*, 598 F.2d 634, 636 (1st Cir.1979)).

Defendant's second removal is not based on new grounds.  Instead, Defendant is offering additional evidence to prove what should have been proved in the first Notice of Removal - Plaintiff's citizenship.  "[A] second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction."  *Seedman*, 837 F.2d at 414.  Because Judge Anderson remanded the case for lack of subject matter jurisdiction and Defendant raises no new grounds for jurisdiction, the Court lacks jurisdiction over this second removal.

Accordingly, the Court **REMANDS** the instant action to the Superior Court of California, County of Los Angeles.  This action shall close.

IT IS SO ORDERED.